UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


PIUS A. OBIOHA                              CIVIL ACTION

VERSUS                                      NO: 06-5364 c/w
                                            06-9231

PROCTOR FINANCIAL INSURANCE                 SECTION: "R"(2)
CO., ET AL


**ORDER AND REASONS**

Before the Court are defendants Proctor Financial, Inc.'s and Novastar Mortgage, Inc.'s motions for summary judgment to dismiss plaintiff Pius Obioha's claims for damages pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.  For the following reasons, the Court GRANTS defendants' motions to dismiss.


**I.   BACKGROUND**

Hurricane Katrina caused extensive wind and flood damage to plaintiff's property.  On August 29, 2006, plaintiff sued Proctor, Novastar, and other unidentified insurance carriers in federal court to recover for the flood-related damages.  The same

day, plaintiff sued the same defendants in state court for wind-related damages. Proctor removed the wind suit to federal court on October 31, 2006. This Court consolidated the two cases on April 16, 2007.

Plaintiff alleges that defendant Proctor breached "its insurance contracts with petitioner by failing to pay the full amounts due under the policies issued to the petitioner." (Pl.'s Compl. ¶ 11, Case No. 06-9231). Plaintiff alleges that defendant Novastar "attempted to coerce petitioner to accept [a] bad faith settlement offer [from] the insurance company." Plaintiff further claims that Novastar "did not return the bad faith settlement funds ... as instructed." (Pl.'s Compl. ¶ 3, Case No. 06-5364; Pl.'s Compl. ¶ 5, Case No. 06-9231).

Plaintiff claims damages for loss of use of the property and contents, loss of enjoyment, rental expenses, inconvenience, and all damages covered by the insurance policies on his property. He also asserts claims for mental and emotional distress, inconvenience, statutory penalties, and attorney's fees.

Proctor and Novastar now move to dismiss all of plaintiff's claims against them because plaintiff is not an insured under the relevant insurance policies. Proctor and Novastar further argue that as a wholesale insurance broker and a mortgagee, respectively, they do not owe plaintiff any other non-contractual

duties.  The Court addresses these arguments below.

## II.  LEGAL STANDARD

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor."  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim.  *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue

exists. *See Celotex*, 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

### III. Discussion

Novastar holds a mortgage on plaintiff's property as security for a loan. Pursuant to the mortgage contract, plaintiff is required to keep his property insured. If he fails to do so, Novastar may "obtain coverage to protect [its] rights in the Property." (Mortgage ¶ 5, R. Doc. 24-4; "Holtmann Aff.", Novastar Exh. 1). In accordance with the mortgage contract, when plaintiff's insurance lapsed, Novastar approached Proctor to obtain insurance for plaintiff's property. ("Widmer Aff.", Proctor Exh. 1 ¶¶ 10-12).

Proctor is a wholesale insurance broker that operates as a general agent for certain Underwriters at Lloyd's, London. (Widmer Aff. ¶¶ 2, 4). As an insurance broker, Proctor negotiates the terms and coverage of Lloyd's policies with mortgage companies, such as Novastar. In this capacity, Proctor issued, on behalf of Lloyd's, wind and flood policies to Novastar for plaintiff's property. (*Id.* ¶ 11).

Proctor argues that as an insurance broker it owes no duties

4

to plaintiff.  In his complaints, plaintiff refers to Proctor as an insurance company, but Proctor is an insurance broker. Proctor did not issue an insurance policy to plaintiff, and had no contact with plaintiff in the process of issuing coverage to Novastar on behalf of Lloyd's. (Widmer Aff. ¶ 13) ("In issuing these policies on behalf of Lloyd's, Proctor never communicated with, talked to or made any representations to Pius Obioha or any other representative of Pius Obioha, and did not collect any premium fee directly from anyone on behalf of Pius Obioha."). Proctor is correct that under the facts alleged, it had no duty to provide insurance to plaintiff.

Defendants further argue that plaintiff is not a named insured under the policies in any case.  The parties apparently agree that the insurance contracts are governed by Louisiana law. To determine if plaintiff is an insured under the policies, the Court must examine the policies.  Under Louisiana law, an insurance policy, like other contracts, is the law between the parties. *Pareti v. Sentry Indem. Co.*, 536 So. 2d 417, 420 (La. 1988).  If the policy wording is clear, and it expresses the intent of the parties, the agreement must be enforced as written. *Id*.  The policy must be construed as a whole, and one portion should not be construed separately at the expense of disregarding another. *Id*.  If an ambiguity exists, the ambiguity must be

5

construed in favor of the party seeking coverage. *Id.* The Court may not alter the terms of the policy under the guise of contract interpretation when the language of the policy is unambiguous. *Id.*

The Court finds that the insurance policies are unambiguous. The policies state that Novastar Financial is the named insured. The insurer is Lloyd's. (Proctor Exh. 1A-1B). Plaintiff is not a named or an additional insured under either the flood or the homeowner's policy. As a non-party to the insurance contracts, plaintiff cannot sue to enforce the coverage provided under the policies. *See Lea v. Balboa Life & Cas. Ins. Co. (Meritplan)*, 1992 WL 74591, *4 (E.D. La. 1992) ("[the plaintiffs] cite no authority which can be construed so as to lend any support for the proposition that property coverage forced-placed for the mortgagee's protection upon failure of the mortgagor to procure same should be 'equitably reformed' to include coverage for the mortgagor").

Plaintiff's only claims specifically against Proctor are for breach of the insurance contract. Neither Proctor nor plaintiff is a party to the insurance contract. Because plaintiff is not a party to any contract with Proctor, plaintiff has no contractual rights that Proctor could have breached. *Riley v. Transamerica Ins. Group Premier Ins. Co.*, 923 F. Supp. 882, 887 (E.D. La.

1996), *aff'd*, 117 F.3d 1416 (5th Cir. 1997); *Woodruff v. State Farm Ins. Co.*, 767 So. 2d 785, 788-89 (La. Ct. App. 2000).  The Court grants Proctor's motion for summary judgment and dismisses plaintiff's claims against Proctor.

Plaintiff alleges that defendant Novastar acted in bad faith.  Specifically, plaintiff alleges that Novastar's behavior, including not returning funds to the insurance company, discouraged the insurance adjusters from offering sufficient money to repair or rebuild the plaintiff's law offices. (Pl.'s Opp'n at 4-5; Pl.'s Compl. ¶ 3, Case No. 06-5364; Pl.'s Compl. ¶ 5, Case No. 06-9231).  Plaintiff additionally alleges that Novastar acted in bad faith because it "still has the funds it received from the insurance company intended for repairing the damaged property of the plaintiff."  (Pl.'s Opp'n at 5).  Plaintiff offers no affidavit or other evidence in support of these allegations.  Accordingly, these allegations are insufficient to defeat summary judgment.

Moreover, plaintiff has put forward no evidence to support a duty by Novastar to plaintiff with respect to the insurance proceeds.  "The term 'bad faith' connotes fraud, deception, or sinisterly motivated nonfulfillment of an obligation." *Oliver v. Central Bank*, 658 So. 2d 1316, 1321 (La. App. 1995).  Plaintiff has not alleged or offered evidence that Novastar committed fraud

or deception.  Further, Novastar's obligations under the mortgage contract do not give rise to a duty to plaintiff regarding the adjustment of the insurance claim.  In Louisiana, the only duty a financial institution owes a borrower is the duty to comply with the contract between the institution and the borrower. *See* La. Rev. Stat. 6:1124 ("No financial institution ... shall be deemed or implied to be acting as a fiduciary, or have a fiduciary obligation or responsibility to its customers ... unless there is a written agency or trust agreement under which the financial institution specifically agrees to act and perform in the capacity of a fiduciary."); *Landreneau v. Fleet Financial Group*, 197 F. Supp. 2d 551 (M.D. La. 2002) (holding that credit card company did not owe fiduciary duties to its consumers). Plaintiff points to no provision of his mortgage contract that gives rise to a duty to him regarding claims adjustment under the insurance contracts.  Nor does he point to any facts that suggest that Novastar assumed a duty under tort law with respect to the adjustment of the insurance claims.  On this record, there is no basis on which plaintiff can succeed against Novastar on a claim for breach of the insurance contracts or for bad faith failure to obtain sufficient insurance payments. *See Oliver*, 658 So. 2d at 1324 (La. App. 1995).  The Court therefore dismisses plaintiff's claims against Novastar.

**IV. CONCLUSION**

    For the foregoing reasons, defendants' motions to dismiss are GRANTED.


    New Orleans, Louisiana, this 2nd day of October, 2007.

                    _____
                          SARAH S. VANCE
                  UNITED STATES DISTRICT JUDGE